Judge Owsley
delivered the opinion of the Court.
This was an action brought by Fauntleroy, a creditor of JohnW. Stout, deceased, upon the bond executed by Benjamin Stout, administrator of the goods and chattels of said John W. Stout deceased, and Lyle &c. his sureties in the administration bond.
A verdict was found by the jury in favour of the defendants in the court below, and judgment thereupon rendered against Fauntleroy.
It is assigned for'error: 1st. The court erred in admitting evidence to the jury.
2nd. The court erred in the instruction to the jury.
3rd. The judgment which had been recovered against Benjamin Stout, the administrator, for a devastavit, was conclusive against their sureties in the administration bond.
Settlement with the ?^eviJomse in an action against the administrasureties, hy a his fiduciary bond,
Administra for their services, have precedence of the claims of creclitorsjudgment
against an ailmimstrator by default, suggesting a devastavit, is not conclusive in a subsequent action on the fiduciary bond ^inistrator and his sureties.,
Amount of tbe assets in such case _________ may be shewn by either the toror hi^" sureties. *
Tbe admitted evidence' consists of tbe orders of the county court, and the settlement of the estate with commissioners made by the administrator in pursuance thereof, and according to former decisions, and in conformity with, what we understand to be the correct doctrine of the law, was properly allowed to go to the jury, for the purpose of proving that the, estate had been fully administered by the administrator. The first error assigned cannot,' therefore-, be sustained.
The second assignment of errors is predicated upon the idea that, as against creditors, an administrator is not entitled to a credit out of the estate to-be administered for his services as administrator, contrary to what has also been heretofore decided io be the correct doctrine of the lav/ upe i that sub- • . J®-"" • "
The third assignment of errors is opposed by the express words of the act of Assembly upon the subjeet of executors and administrator's. The judgment which, by that assignment, is contended to be conclusive against the suretifes of the administrator, was recovered against him by default, in an action suggesting a devastavit, and as such, according to the provisions of the act of January, 1811, cannot even conclude the administrator from shewing, in any subsequent action against him, upon his official bond, that he has fully administered the estate of the intestate. The act declares that “in all suits against executors or administrators, on their bonds or otherwise, for devastavits, they shall be at liberty to plead plena adminislravit; and under such plea, shall be at liberty to show the real amount of assets which were in their hands to be administered, when the original judgment was rendered against them; for which sum judgment may he rendered, and for no more.” 1 Dig. 535.
It is true the act says nothing as to the sureties o executors or administrators, but if after suffering judgment to go against them by default, in an action suggesting a devastavit, it be competent for executors or administrators to show that they had no assets in their hands to he administered, at the time *268 judgment went against them, most indubitably, the surcties(are at liberty to show the same thing in any action which may be brought to charge them for a devastavit alleged to have been committed by their principal.
Chinn, for plaintiff
The judgment must be affirmed with cost: